# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-20409
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
March 10, 2025

Lyle W. Cayce
Clerk

Pauletta Williams,

*Plaintiff—Appellant*,

*versus*

Leland Dudek, *Acting Commissioner of Social Security*,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-2814

---

Before Davis, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Pauletta Williams appeals the district court's order affirming the Social Security Commissioner's partial denial of her application for Title XVI Supplemental Security Income (SSI) benefits. The parties filed cross motions for summary judgment, and the district court

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20409

granted the Commissioner's motion denying the benefits for the months preceding the adjudication onset date. Plaintiff appeals.

On April 9, 2020, Williams filed an application for SSI benefits, alleging a disability onset date of February 25, 2020. The Social Security Administration (SSA) initially denied her application on September 10, 2020. However, on reconsideration, Williams was awarded benefits because on the date of that adjudication, April 26, 2021, she was a few days short of turning 55 years old. Under SSA regulations, her classification from a person closely approaching advanced age (50-54) changed to a person of advanced age (55 or older).[1] For that reason, Williams was awarded SSI benefits beginning in April 2021.

Williams argues, as she did below, that she is entitled to retroactive benefits accounting for the six-months preceding her 55th birthday beginning in February 2020.

In *Mitchell v. Dudek*, a panel of this court recently recognized that an SSA regulation, 20 C.F.R. § 404.1563(b) (2008), claimants in a "borderline age situation" may be assessed under the older age category.[2] The panel held, however, that the regulation does not apply to allow these benefits to accrue before the date of adjudication.[3] That opinion controls this case.

_____

[1] 20 C.F.R. § 404.1563(d)–(e) (2008).

[2] No. 24-30342, 2025 WL 678700, at *1–2 (5th Cir. Feb. 26, 2025) (publication pending).

[3] *Id.* at *3.

No. 24-20409

We agree with the panel "that the borderline age analysis does not permit a claimant like [Williams], who has received benefits under the [SSA regulations], to rely upon the borderline rule to secure a more favorable onset date and expand the number of months for which [s]he can receive retroactive benefits."[4]

We therefore AFFIRM the district court's judgment.

---

[4] *Id.* at *3 n.4 (quoting *Berg v. Berryhill*, No. 17-04452, 2019 WL 3387209, at *5 (E.D. Pa. July 26, 2019).